UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BREANNA HAYNES                                                                                           Plaintiff

v.                                                                                          Civil Action No. 3:24-CV-514-RGJ

OCTAPHARMA PLASMA                                                                                    Defendant

\* \* \* \* \*

## MEMORANDUM OPINION AND ORDER

Plaintiff Breanna Haynes filed a *pro se, in forma pauperis* complaint alleging employment discrimination under Title VII of the Civil Rights Act of 1964 (Title VII). [DE 1]. This matter is before the Court on initial review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2). For the reasons set forth below, the Court will allow Plaintiff's Title VII claim to proceed against Defendant Octapharma Plasma and will dismiss her claims against other named Defendants.

**I.**

Plaintiff sues the following Defendants: Octapharma Plasma, Amanda Chaney, Courtney Viglione, and Cory Moran.[1] In the complaint, she alleges that she was terminated from her employment on the basis of race. To the complaint, Plaintiff attaches the Charge of Discrimination that she filed with the Equal Employment Opportunity Commission (EEOC). Therein, Plaintiff wrote in part:

> I was employed as a Phlebotomists by Octapharma Plasma from on or about August 25, 2023, through on or about January 1, 2024. During my employment, there were many occurrences of discrimination that I have complained to [supervisors] about that occurred and nothing was done. I have been treated differently, unfairly and retaliated against by upper management, because of my race, by allowing Caucasian co-workers to

---

[1] Because Plaintiff failed to list the three individual Defendants in the caption of her complaint, these individual Defendants were not listed as Defendants in the docket of this case. However, for the purpose of this initial review, the Court has considered whether Plaintiff states a claim against them.

>      harass me, by allowing Caucasian co-workers to smack items out of my hand and by terminating my employment. On or about January 1, 2024, I was terminated. No reason was given for the different, unfair treatment and retaliation. Regarding my termination, it was due to attendance points. I believe I have been discriminated and retaliated against because of my race, African American, in violation of Title VII of the Civil Rights Act of 1965 as amended.

Plaintiff also attaches her right-to-sue letter from the EEOC.

## II.

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the complaint under 28 U.S.C. § 1915(e). *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). On review, a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III.

Upon review of the complaint, the Court will allow the Title VII claim to proceed against Defendant Octapharma Plasma.

However, Plaintiff's Title VII claims against Defendants Chaney, Viglione, and Moran must be dismissed. "Title VII provides that 'it shall be an unlawful employment practice for an *employer*' to discriminate on the basis of race, color, religion, sex, or national origin. A person aggrieved by such discrimination may bring a civil action against the '*employer*.'" *Wathen v. Gen. Elec. Co.*, 115 F.3d 400, 405 (6th Cir. 1997) (citing 42 U.S.C. §§ 2000e-2(a), 2000e-5(b)) (emphasis added). "[A]n individual employee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Id.*

None of the facts, even liberally construed, suggest that Defendants Chaney, Viglione, and Moran are "employers" as contemplated under Title VII. Instead, Plaintiff identifies them as supervisors, managers, or directors. [DE 1, pp. 2–3, 5–6, 10]. Therefore, Plaintiff's Title VII claims against Defendants Chaney, Viglione, and Moran must be dismissed for failure to state a claim upon which relief may be granted.

### III.

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that the Title VII claims against Defendants Chaney, Viglione, and Moran are **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Order directing service on Defendant Octapharma Plasma.

Date:
cc:     Plaintiff, *pro se*
        Defendants
A961.014