UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

BREANNA HAYNES                                                                                              Plaintiff

v.                                                                         Civil Action No. 3:24-cv-00514-RGJ

OCTAPHARMA PLASMA, INC.                                                                               Defendant

\* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Octapharma Plasma, Inc., ("Octapharma") moves to dismiss under Federal Rule of Civil Procedure 4 and 12(b)(6). *Pro Se* Plaintiff Breanna Haynes ("Haynes") responded, [DE 10] and Octapharma replied. [DE 11]. This matter is ripe. For the reasons below, the Court **GRANTS** Octapharma's motion to dismiss.

I.   BACKGROUND

Haynes was hired as a phlebotomist by Octapharma on August 25, 2023. [DE 1 at 6]. Four months later on January 1, 2024, Haynes was terminated "due to attendance points." [*Id*.]. Haynes filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 20, 2024, and received her right to sue letter after the charge was dismissed. [*Id*. at 6-7]. Haynes then sued Octapharma and several employees for employment discrimination based on race on September 11, 2024. [DE 8]. Haynes states that she was treated "differently and unfairly" by her management and that Caucasian coworkers were permitted to smack items out of her hand. [DE 1 at 6]. On January 10, 2025, Octapharma was served at 2817 W. Broadway, Louisville, Kentucky 40211. [DE 8]. The "individual served" was Haynes's former manager, Courtney Viglione, the Associate Center Director. [*Id*.] Octapharma's registered agent is located at Incorp Services, Inc. at 828 Lane Allen Road, Suite 219, Lexington, Kentucky 40504. [DE 9-1 at 53].

1

## II.     ANALYSIS

### A.     Federal Rule of Civil Procedure 12(b)(6)

#### 1.  Attachment to Haynes Response

In a Rule 12(b)(6) motion, courts can only consider the complaint, the attached exhibits, and any "items appearing in the record ... and exhibits attached to [the] defendant's motion to dismiss so long as they are referred to in the [c]omplaint and are central to the claims contained therein." *Covic v. FedEx Corp.*, 774 F. Supp. 3d 954, 957 (W.D. Tenn. 2024) (quoting *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)). In her response, Haynes attaches an opinion issued by the Kentucky Unemployment Insurance Commission (KUIC) related to Haynes's termination that was not included in her complaint. [DE 10-1]. The KUIC opinion is merely a state unemployment document that does not directly relate to the charges in the complaint or opine on discrimination. [DE 10-1]. The opinion does not discuss any racial bias or even allege that Haynes was qualified for her job. [*Id*. at 64]. It merely holds that Haynes was not disqualified from certain benefits because she provided justifications for enough of her previous attendance issues. [*Id*. at 63]. The KUIC held that her discharge was not due to attendance under a standard unrelated to the one used by the Court in a discrimination claim. [*Id*. at 63]. Even if the Court were to consider this opinion, the information it contains would not alter the Court's decision. Because the KUIC opinion was not attached to, referenced by, or central to, the complaint, it cannot be considered by the Court.

#### 2.  Failure to State a Claim

Under Rule 12(b)(6), to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

2

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The complaint need not contain "detailed factual allegations," yet must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555).  In addition, "[a] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). The duty to be less stringent with *pro se* complainants, however, does not require the Court to "abrogate basic pleading essentials," *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), or to create a claim for a *pro se* plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975).

In cases such as this where the plaintiff does not present direct evidence of discrimination, the plaintiff must first allege a prima facie case under the framework laid out in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973), by pleading facts supporting that,

> (1) she is a member of a protected class; (2) she was qualified for [her] job; (3) she suffered an adverse employment decision; and (4) she was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees.

*Brown v. Accenture Fed. Servs.*, No. 15-24-GFVT, 2016 WL 3298543, at *6 (E.D. Ky. June 13, 2016) (quoting *Lewis v. Norfolk S. Ry. Co.*, 590 F. App'x 467, 469 (6th Cir. 2014)). At this stage of the litigation, the Court need only consider whether Haynes has pled sufficient facts to establish a prima facie case. *Id*. "The subsequent stages of burden-shifting under the McDonnell-Douglas

framework, such as whether the employer had a legitimate, non-discriminatory reason for terminating him, or whether such a reason is pretextual, are not at issue at this juncture." *Id*.

First, there is no dispute that Haynes is African American, and thus, a member of a protected class. [DE 1 at 6]. Termination is "the quintessential adverse employment action," *Harris v. Burger King Corp.*, 993 F.Supp.2d 677, 686 (W.D. Ky. 2014). As such, Haynes has pled facts demonstrating that she is a member of a protected class and suffered an adverse employment decision.

Next, the Court will consider Haynes's job qualifications. In the context of making a prima facie case, "a court should focus on a plaintiff's objective qualifications to determine whether he or she is qualified for the relevant job." *Brown*, 2016 WL 3298543, at *6 (quoting *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 575 (6th Cir. 2003)). To survive a motion to dismiss, Haynes needs to allege that her qualifications are " 'at least equivalent to the minimum objective criteria required for employment in the relevant field,' an inquiry that 'should focus on criteria such as the plaintiff's education, experience in the relevant industry, and demonstrated possession of the required general skills.' " *Id*. (quoting *Wexler*, 317 F.3d at 575–76). Here, Haynes does not provide specific information regarding her education, experience, or possession of requisite skills. In fact, in her complaint Haynes plainly states that she was fired due to attendance points. [DE 1 at 6]. ("Regarding my termination, it was due to attendance points"). *Gantt v. Wilson Sporting Goods Co.*, 143 F.3d 1042, 1047 (6th Cir. 1998) ("An employee who cannot meet the attendance requirements of the job at issue cannot be considered a 'qualified' individual protected by the ADA."). Haynes not only fails to allege any facts that show she was qualified for her position at the time she was terminated by Octapharma but pleads facts that when taken as true would render

her unqualified for her position. Haynes has failed to plead a prima facie case of race discrimination and the claim must be dismissed.

Finally, Haynes must plead sufficient facts to support the allegation that she was replaced by a person outside the protected class or treated differently than similarly situated non-protected employees. "[T]o be deemed 'similarly-situated,' the individuals with whom the plaintiff seeks to compare his/her treatment must have dealt with the same supervisor, have been subject to the same standards and have engaged in the same conduct without such differentiating or mitigating circumstances that would distinguish their conduct or the employer's treatment of them for it." *Id*. (quoting *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 583 (6th Cir. 1992)). Haynes complaint makes no mention of a replacement and can only be generously construed to allege that she was treated differently than similarly situated non protected employees. Haynes alleges that she had been "treated differently, unfairly and retaliated against by upper management" because of her race. [DE 1 at 11]. However, Haynes fails to plead any specific facts to support this assertion. Indeed, Haynes makes no mention of any other employees, let alone similarly situated non-protected employee that were treated differently. "Absent proof that other employees were similarly situated it is not possible to raise an inference of discrimination." *Brown*, 2016 WL 3298543, at *8 (quoting *Nickell v. Memphis Light, Gas & Water Div.*, 16 F. App'x 401, 402 (6th Cir. 2001) (quoting *Shah v. Gen. Elec. Co.*, 816 F.2d 264, 270 (6th Cir. 1987))). As such Haynes again fails to make a prima facie case of age discrimination.

Although courts are to hold pro se pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require [the Court] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark*, 518 F.2d at 1169. Although Haynes

5

notes repeatedly that she was discriminated against, she does so without providing the Court with facts on which it could base a decision, instead merely stating legal conclusions insufficient to state a claim. *Ashcroft*, 556 U.S. at 678. The only non-conclusory fact Haynes alleges in her complaint is that Caucasian coworkers smacked items out of her hand, [DE 1 at 6] but this itself is insufficient to "permit the court to infer more than the mere possibility of misconduct" or satisfy a prima facie case of discrimination. *Iqbal*, 556 U.S. at 679. Haynes complaint is entirely conclusory and does not allege facts sufficient to state a claim to relief. Accordingly, Haynes discrimination claim against Octapharma must be dismissed, and Octapharma's motion to Dismiss is **GRANTED**.

B.      **Federal Rule of Civil Procedure 4(h)(1)(B)**

The Court has authority to dismiss claims against a defendant for a plaintiff's failure to prosecute, failure to comply with the Federal Rules of Civil Procedure, or failure to comply with a court order. Fed. R. Civ. P. 41(b); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 736 (6th Cir. 2008). Fed. R. Civ. P. 4(h)(1)(B) requires that service to a corporation be made "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process." The less stringent standards applied to pro se litigants do not apply to rules for proper service. *Greene v. United States*, No. 6:19-CV-00024-GFVT, 2021 WL 1214499, at *18 (E.D. Ky. Mar. 30, 2021), *aff'd*, No. 21-5398, 2022 WL 13638916 (6th Cir. Sept. 13, 2022).

Haynes served Octapharma through her former manager, Octapharma's Associate Center Director Courtney Viglione ("Viglione"), in Louisville, Kentucky. [DE 8]. However, Viglione does not hold a position that is duly authorized to receive service on behalf of Octapharma. [DE 9 at 46]. The proper party for service is Octapharma's registered agent, "Incorp Services, Inc.,"

located in Lexington, Kentucky at 828 Lane Allen Road, Suite 219. [DE 9-1 at 53]. Haynes's service was improper under Fed. R. Civ. P. 4(h)(1)(B), and Haynes failed to respond to this point or provide good cause for her improper service. The Court would ordinarily be hesitant to dismiss a pro se complaint for improper service in these circumstances. However, because Haynes failed to respond, and her complaint failed to state a claim on which relief could be granted, dismissal is nonetheless warranted and there is no need to cure service. Octapharma's Motion to Dismiss is **GRANTED**.

C.     **Change of Address**

Octapharma further argues that Haynes's complaint should be dismissed due to her failure to notify the Court of her change of address as required by a prior order issued by the Court. [DE 11 at 75].  However, it is unclear whether Haynes actually had a change of address or merely had a typo in her response as the two addresses show only a single digit difference, 1428 56th St, Louisville Ky, 40208, compared to 1424 56th St, Louisville Ky, 40208. [*Id.*]. The Court would not dismiss a complaint on this ground without confirmation. Additionally, Octapharma improperly raises this new argument for the first time in its reply brief. Although the basis for the objection did not became known to Octapharma until Haynes's response brief, "it is well-settled that a party may not raise new issues for the first time in a reply brief; he can only respond to *arguments* raised for the first time in the respondent's response brief." *Resol. Tr. Corp. v. Townsend Assocs. Ltd. P'ship*, 840 F. Supp. 1127, 1142 n. 15 (E.D. Mich. 1993) (*citing United States v. Jenkins*, 871 F.2d 598, 602 n. 3 (6th Cir. 1989)). (emphasis added). This rule exists to prevent arguments where the "opposing party has not had an opportunity to respond to the movant's request." *Harris v. Lenawee Cnty.*, No. 07–11932, 2007 WL 4247639, at *1 (E.D. Mich. Dec.4, 2007). Octapharma's reply on this matter does not respond to an argument raised in Haynes's response and Haynes did not have

the opportunity to respond, thus is not appropriate for a reply. Finally, the order referenced by Octapharma only states that failure to notify the Court of a change of address "may result in dismissal of this case," not that it would automatically lead to dismissal. [DE 6]. For all the reasons above, dismissal is not warranted on this point.

### III.   CONCLUSION

For these reasons, the Court, having considered the applicable law and being otherwise sufficiently advised, **IT IS ORDERED** as follows:

1. Octapharma's Motion to Dismiss [DE 9] is **GRANTED**,
2. Haynes's remaining claims against Defendant Octapharma are **DIMISSED** without prejudice.

Rebecca Grady Jennings, District Judge
United States District Court

August 27, 2025